*Kinkead & Barr,* for appellant.

*Hume & Beck,* for appellees.

---

JOHN SHARP *v.* NATHAN, POWEL & ADAMS.

Land—Sale in Gross—Deficiency.
> When the vendor knows there is a material deficiency in the number of acres of land sold, the law will not permit him to conceal this, nor to represent the number of acres in gross and then escape responsibility by the use of the words, "more or less."

Notes—Assignment—Credits—Attitude of Assign.
> Where two notes are due, one only of which has been assigned, the court will apply credits to the unassigned note, but not so when the unassigned note is not due.

APPEAL FROM NICHOLAS CIRCUIT COURT.

February 1, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The evidence conduces to establish that Adams knew the tract of land he sold to Sharpe contained only about 13½ acres when he sold it in gross representing, both verbally and in the deed, that it contained 146 acres more or less, and no evidence establishes Sharpe's knowledge of this. Had he declared to Sharpe that the tract had been surveyed and only actually cantained the former number of acres it would undoubtedly have had a material influence with him; at least when a vendor does know that there is a material deficiency, the law will not permit him to conceal this nor to represent the number of acres in gross and then escape responsibility by the use of the words "More or Less."

As Adams has got one third cash for this deficiency, which he was not entitled to, and got the notes of the vendee at 1 & 2 years for the other, we can no doubt if he had retained these notes, Sharpe would be entitled to apply this deficit to the first note due, as this would but equalize the payments, and Powel, his assignee, stands in no better attitude than would his assignor, If both notes had been due and one had been assigned and the other not, the court would have applied the credit to the unassigned note, but not so when the latter note is due. The judgment is reversed with directions for futher proceedings as herein indicated.

*Stanton & Throop, Kennedy, for appellant.*

*Norvell, for appellee*

